CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
October 27, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

**IN THE U.S. DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**(Roanoke Division)**

**UNION HOME MORTGAGE CORPORATION** *
*and* *
**TRUSTEE SERVICES OF VIRGINIA, LLC** *
*Plaintiffs,* *
**v.** * **Civil Action No:** 7:26CV867
*
**SECRETARY OF U.S. DEPARTMENT OF** *
**HOUSING AND URBAN DEVELOPMENT** *
*Serve:* The Honorable Robert N. Tracci *
First Assistant U.S. Attorney for the Western District of Virginia *
*at:* 310 1st Street S.W., Room 906 *
Roanoke, Virginia 24011 *
*And serve via Certified Mail:* *
Todd W. Blanche, *
Attorney General of the United States *
950 Pennsylvania Avenue *
Washington, D.C. 20530-0001 *
*And serve via Certified Mail:* *
The Honorable Scott Turner, *
Secretary of Housing and Urban Development *
451 7th Street, S.W. *
Washington, D.C. 20410-0001 *
*
**SHEYANNE DAWN MARKHAM** *
*Serve at:* 121 7th Street *
Clifton Forge, Virginia 24422 *
*Defendants.* *

**COMPLAINT FOR A JUDICIAL SALE**

COME NOW the Plaintiffs, by counsel, respectfully requesting that this Honorable Court enter an order authorizing a judicial foreclosure sale for the real property commonly known 121 7th Street, Clifton Forge, Virginia, and more fully described in paragraph 14 of this Complaint (hereinafter "Property"), pursuant to the authority granted by 28 U.S. Code § 2201 and the requirements of 28 U.S.C. § 2410(c), and in support thereof state as follows:

1. This Complaint is a request for a judicial sale that is necessitated by there being two "Subordinate Mortgage[s]" recorded in the chain of title for the Property.

2. Said mortgages are junior liens and provide security interests to the Secretary of the U.S. Department of Housing and Urban Development for the repayment of two promissory notes that are payable to the Secretary.

3. Union Home Mortgage Corporation (hereinafter "Union") is the current holder of the Note for a May 26, 2023 purchase-money mortgage loan, and the beneficiary of a first Deed of Trust that encumbers the Property.

4. Union respectfully requests that the Property be sold, via a judicial foreclosure sale, in order to satisfy the balance of the first mortgage loan, which is in default for nonpayment.

**PARTIES**

5. Union is an Ohio-registered corporation that is also registered with the Virginia State Corporation Commission.

6. Union has its principal place of business in Strongsville, Ohio, and offers, holds, and services residential mortgage loans.

7. Union is the current holder of the Note for a purchase-money mortgage loan and the beneficiary of the first Deed of Trust that is recorded as a lien in the chain of title for the Property.

8. Trustee Services of Virginia, LLC is a limited liability company, that is registered with the Virginia State Corporation Commission, and is the appointed Substitute Trustee of May 26, 2023 Deed of Trust securing Union.

9. The U.S. Department of Housing and Urban Development (HUD) is an agency of the United States Government.

10. The Secretary of HUD is the obligee of two promissory notes that are secured by two Subordinate Mortgages recorded in the chain of title for the Property.

11. Sheyanne Dawn Markham is the current owner of record of the Property. Upon information and belief, she is a resident of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

12. Federal jurisdiction is proper pursuant to 28 U.S. Code § 2410 and 28 U.S. Code § 1346 as an agency of the United States is a named defendant and a necessary party to the Plaintiffs' cause of action.

13. Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) as the Property at issue is situate within the boundaries of the Roanoke Division of the United States District Court for the Western District of Virginia.

## FACTUAL ALLEGATIONS

14. Via a general warranty Deed dated May 1, 2023, Sheyanne Dawn Markham (hereinafter "Markham") became the sole owner of record of the real property legally described as

> All that certain tract or parcel of land, situate in the Town of Clifton Forge, Virginia, fronting 50 feet on Seventh Street at the corner of Alleghany and Seventh, and being the northern 50 feet of Lot 5, Lot 6, and Lot 7, having a depth of 140 feet, in Block 18, as shown upon that certain map of the land of the Chesapeake and Ohio Development Company, dated September 24, 1890, of record in the Clerk's Office of the Circuit Court for Alleghany County, Virginia, in Plat Book 1, page 42 (Slide 6),

and commonly known as 121 7th Street, Clifton Forge, Virginia (hereinafter "Property").

15. Said Deed is recorded among the land records of the Alleghany County Circuit Court as Instrument 202300834, and a true and accurate copy thereof is attached hereto as **Exhibit A**.

16. In order to purchase the Property, Markham entered into a purchase-money mortgage loan with Union.

17. As part of that mortgage loan, Markham executed a Note for $122,735.00 and a Deed of Trust granting a security interest in the Property to the named beneficiary of the Deed of Trust.

18. The Note and Deed of Trust are each dated May 26, 2023.

19. The Deed of Trust granted a security interest in the Property to the named beneficiary thereof to ensure repayment of the promissory note for $122,735.00.

20. Said Deed of Trust is recorded among the land records of the Alleghany County Circuit Court as Instrument 202300835, and a true and accurate copy thereof is attached hereto as **Exhibit B**.

21. The May 26, 2023 Deed of Trust (Exhibit B) named Mortgage Electronic Registration Systems (MERS) as its beneficiary.

22. Via an "Assignment of Real Estate Mortgage" executed on January 30, 2024, MERS assigned its interest in the May 26, 2023 Deed of Trust to Union.

23. Said assignment is recorded among the land records of the Alleghany County Circuit Court as Instrument 202400187, and a true and accurate copy thereof is attached hereto as **Exhibit C**.

24. Via an "Appointment of Substitute Trustee" executed on February 20, 2024, Union appointed Trustee Services of Virginia, LLC as Substitute Trustee of Markham's May 26, 2023 Deed of Trust (Exhibit B).

25. Said appointment is recorded among the land records of the Alleghany County Circuit Court as Instrument 202400282, and a true and accurate copy of said Appointment of Substitute Trustee is attached hereto as **Exhibit D**.

26. In May of 2024, Markham was offered, and did enter into, a loan modification whereby the balance of her May 26, 2023 mortgage loan (Exhibit B) was reduced by $15,081.12 by transferring that amount to a junior mortgage loan with HUD.

27. As part of her first mortgage loan with HUD, Markham executed a promissory note for $15,081.12, payable to the Secretary of HUD, and a "Subordinate Mortgage" in favor of the Secretary of HUD.

28. The promissory note and the Subordinate Mortgage are each dated May 9, 2024.

29. Said Subordinate Mortgage granted a security interest in the Property to the Secretary

of HUD to ensure repayment of the promissory note for $15,081.12.

30. The Partial Claim Deed of Trust is recorded among the land records of the Alleghany County Circuit Court as Instrument 202401455, and a true and accurate copy thereof is attached hereto as **Exhibit E**.

31. In March of 2025, Markham was offered, and did enter into, a loan modification whereby the balance of her May 26, 2023 mortgage loan (Exhibit B) was reduced by $7,355.84 by transferring that amount to a second mortgage loan with HUD.

32. As part of her second mortgage loan with HUD, Markham executed a promissory note for $7,355.84 , payable to the Secretary of HUD, and a "Subordinate Mortgage" in favor of the Secretary of HUD.

33. The second promissory note and the second Subordinate Mortgage with HUD are each dated March 24, 2025.

34. Said Subordinate Mortgage granted a security interest in the Property to the Secretary of HUD to ensure repayment of the promissory note for $7,355.84 .

35. The second Subordinate Mortgage is recorded among the land records of the Alleghany County Circuit Court as Instrument 202500835, and a true and accurate copy thereof is attached hereto as **Exhibit F**.

36. Upon information and belief, there are no other persons or entities that currently have an interest in the Property who would be considered a necessary party to this matter.

**Count I - Request for a Court-Ordered Sale**

37. The Plaintiffs hereby restate and incorporate in full paragraphs 1 through 36 above.

38. In April of 2025, Markham's May 26, 2023 mortgage loan with Union (Exhibit B) fell into default for nonpayment.

39. Due to said loan default, a notice of default/breach letter was sent to Markham on May

27, 2025, the default was not cured, and the balance of Markham's May 26, 2023 mortgage loan has been accelerated.

40. In order to collect the accelerated balance of the May 26, 2023 mortgage loan, Union wants to enforce its rights in the Property by having the substitute trustee of the May 26, 2023 Deed of Trust execute the power of sale provision found within the Deed of Trust. See Exhibit B § 24.

41. However, because the Secretary of HUD also has security interests in the Property via two Subordinate Mortgages (see Exhibits E and F), a Court-ordered sale is required.

42. 28 U.S.C. § 2410(c) mandates that "an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek [a] judicial sale." *Id.*

43. Case law out of the United States Court of Appeals for the Eighth Circuit has specifically held that a non-judicial sale cannot and does not clear title to real property against which liens are held by the United States. See *Show Me State Premium Homes, LLC v. McDonnell*, 74 F.4th 911 (2023).

44. In *Show Me*, the Eighth Circuit held that a state tax sale for real property did not clear title to that property, in which the U.S. Department of HUD held security interests via the liens of its two mortgages loans, because there was no judicial action wherein the United States was a party.

45. In *Show Me*, the Court of Appeals reasoned that,

> "[28 U.S.C. § 2410] waives sovereign immunity for, among other things, "civil action[s] ... to foreclose a mortgage or other lien." *Id.* § 2410(a)(2). But, according to the statute, there must be a "judicial sale" first. *Id.* § 2410(c)". *Id*. at 913.

46. Without a judicial action, in which the United States is a party, followed by a judicially-authorized sale, a lien of the United States remains undisturbed against real property that is sold via a foreclosure sale.

47. Furthermore, even with a judicial sale occurring, the Secretary of HUD is statutorily entitled a one-year redemption period pursuant to 28 U.S. Code § 2410(c). Said redemption period interferes with the ability to sell the Property free and clear of all liens and encumbrances.

48. The term "judicial sale" is not defined, but applicable case law has made clear that a judicial sale requires a Court-ordered sale of the property.

> "Although the Fourth Circuit has not addressed this issue as definitively as the Eighth Circuit, courts in this district have reached the same conclusion. For example, in *Truist Bank et al [ ] v. Sec'y of the Dep't of Hous. & Urb. Dev. et al*, the Court explained that "when a sale does not emanate from a judgment, it cannot be said to be judicial, and therefore, the requirements of §§ 2410(a) and (c) are not met." No. 2:24-cv-00454 (E.D. Va. Apr. 29, 2025) (citing *Kasdon v. United States*, 707 F.2d 820, 822–23 (4th Cir. 1983)). In *Kasdon*, the Fourth Circuit affirmed the district court's finding that the United States had not waived its sovereign immunity because the tax sale was not a judicial sale as contemplated by § 2410(c). 707 F.2d at 822 (citing *Kasdon v. G.W. Zierden Landscaping, Inc*., 541 F. Supp. 991 (D. Md. 1982)). In reaching its decision, the district court acknowledged that while "[w]hat may accurately be denominated as a judicial sale is not very well settled," ***the sale "must be based upon an order, decree or judgment directing sale***." *G.W. Zierden*, 541 F. Supp. at 996 (quoting *A.H. & R.S. Coal Corp. v. United States*, 461 F.Supp. 752, 755 (W.D. Pa. 1978)). Accordingly, the Court finds that "because the United States, through the HUD Loan, has an interest in the Property, a judicial sale is necessary because only in such circumstances does the United States waive its sovereign immunity which may allow the Property to be sold free and clear of all liens and claims." *Truist Bank*, No. 2:24-cv-00454." *Mid-Island Mortgage Corporation, et al. v. Secretary of Housing and Urban Development, et al.*, Civil Action No. 1:24-cv-2357, "Report and Recommendation", ECF 42, pg 15, ¶1, (EDVa 12/23/2025)(emphasis added).

49. Because 28 U.S.C. § 2410(c) also provides, "In any case where the United States is a bidder at the judicial sale, …", it stands to reason that the term "judicial sale" can mean a Court-ordered foreclosure sale.

50. Furthermore, the relief requested herein is in line with the contractual remedy that is specifically provided for in the May 26, 2023 Deed of Trust in the event of a loan default for nonpayment. See Plaintiffs' Exhibit B § 24.

51. The Plaintiffs now respectfully request that this Honorable Court authorize a judicial foreclosure sale for the Property pursuant to 28 U.S. Code § 2201 so that the Plaintiffs can comply

with the requirements of 28 U.S.C. § 2410(c) with respect to the United States having two recorded liens against the Property.

WHEREFORE, for the reasons so stated above, the Plaintiffs by counsel respectfully request that (i) the Court enter an Order that authorizes a judicial foreclosure sale of the Property, (ii) the Court waive the one-year redemption period that the Secretary of HUD is entitled to pursuant to 28 U.S. Code § 2410(c), and (iii) the Court grant the Plaintiffs such further relief as the Court deems necessary and/or appropriate

Respectfully submitted,

**UNION HOME MORTGAGE CORPORATION**
*and*
**TRUSTEE SERVICES OF VIRGINIA, LLC**
*by Counsel*

October 27, 2026

/s/ Robert Oliveri
Robert Oliveri, Esquire (VSB #47247)
BROCK & SCOTT, PLLC
484 Viking Drive, Suite 170
Virginia Beach, Virginia 23452-7321
757-255-5286 (direct)
703-840-4279 (facsimile)
robert.oliveri@brockandscott.com
*Counsel for the Plaintiffs*